UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DONALD ASHLEY JR #719638/122183 | CIVIL ACTION NO. 24-cv-920 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| A CORLEY | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

Donald Ashley, Jr. ("Plaintiff"), a self-represented inmate, filed this civil rights action against Deputy A. Corley based on allegations of unwanted physical contact. Before the court is Corley's Motion to Dismiss (Doc. 9) on the grounds that the complaint fails to state a claim on which relief may be granted. The motion was noticed for briefing, but Plaintiff did not file any response. For the reasons that follow, it is recommended that the motion be granted.

### Relevant Facts

Deputy Corley challenges the complaint pursuant to Fed. R. Civ. Pro. 12(b)(6), which requires that all well-pleaded allegations of fact in the complaint be accepted as true. Plaintiff alleged that at around 7:00 one morning, Deputy Corley was preparing Plaintiff for court. "While my handcuffs were tethered to the door, Corley pushed his forearm into my neck and pressed his genitals against my backside." Plaintiff added that Corley "was whispering threats in my ear," as Plaintiff "was moving my hips to avoid the unwanted contact and Corley chased my back side with his groin." Plaintiff alleged that the men left

the dorm and entered a sally port, where Corley "performed this action again after calling a refusal." Plaintiff prays for an award of $300,000, a protective order, and release from custody on his own recognizance.

**Rule 12(b)(6) Requirements**

To avoid dismissal for failure to state a claim on which relief may be granted, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

**Analysis**

The sexual abuse of a prisoner by prison officials may, under some circumstances, violate the prisoner's right to be free of cruel and unusual punishment under the Eighth Amendment. Brown v. Sloan, 2010 WL 476720 (W.D. La. 2010), citing Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997). Sexual assault violates the Eighth Amendment only if it meets a two-part test consisting of an objective and subjective element. First, the assault must be objectively sufficiently serious. Second, the official involved must have acted with deliberate indifference, meaning a sufficiently culpable state of mind. Id. The Eighth Amendment is not triggered by de minimis uses of physical force,

provided the use of force is not of a sort repugnant to the conscience of mankind. Copeland v. Nunan, 250 F.3d 743 (5th Cir. 2001) (unpublished). "[N]ot every malevolent touching gives rise to a federal cause of action." Id.

Deputy Corley represents that Plaintiff was a pretrial detainee on the date of the alleged incident, so his claim arises under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment that applies to claims by convicted prisoners. The Supreme Court has eliminated the subjective element of the Eighth Amendment test when it comes to claims by pretrial detainees. "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015). Kingsley deleted the subjective prong, but Eighth Amendment authority on the objective prong can still be persuasive. DeRouen v. Aransas Cnty. Det. Ctr., 2024 WL 4364415, *10 (S.D. Tex. 2024) (analyzing claims of pretrial detainee who alleged sexual assault).

Sexual assault claims by pretrial detainees are not seen often in reported decisions, but there are several decision regarding Eighth Amendment claims by convicted inmates. Courts have rejected many Eighth Amendment claims that involved sexual contact that was much more offensive than alleged by Plaintiff. In Copeland, a prison pharmacist fondled an inmate's penis on three separate occasions and fondled his anus once. There was no evidence of any physical or psychological injuries from the episodes. The Fifth Circuit found that the touchings, though despicable, did not involve a harm of such federal constitutional proportions that they rose to the level of an Eighth Amendment violation. In McGill v. Corrections Corp. of America, 2009 WL 790363 (W.D. La. 2009) the court

dismissed a claim based on allegations that a physician fondled the inmate's penis and testicles without consent. Boddie affirmed the dismissal of a complaint by a male prisoner who alleged that a female officer touched and pressed against him a number of times without his consent. The inmate in Brown alleged that an officer "sexually fondled" him during a shakedown, but he did not allege any injury. Judge Drell adopted the recommendation of Magistrate Judge Kirk that the incident, if true, could potentially be the basis of a state law tort action but did not involve harm of federal constitutional proportion.

Other decisions have rejected similar claims. See, e.g., Legarde v. Metz, 2015 WL 3648628 (M.D. La. 2015) (prisoner alleged officer approached with his penis out and ordered the prisoner to perform oral sex, refusal of which was followed by verbal harassment; summary judgment granted for defendant); Wright v. Thompson, 2010 WL 3282955 (W.D. La. 2010) (officer asked for sex and touched inmate's penis; complaint dismissed for failure to state a claim); Washington v. City of Shreveport, 2006 WL 1778756, *5 (W.D. La. 2006) (allegations that, over the course of four days, defendant fondled plaintiff's breast, touched her inner thigh, grabbed her wrist, verbally asked for sex, and made other sexual remarks were insufficient); Cooper v. Caddo Correctional Center, 2007 WL 471185 (allegations that prison officer verbally harassed inmate and grabbed his buttocks while the inmate was urinating did not state an actionable claim); Harold v. LeBlanc, 2014 WL 2611725 (W.D. La. 2014) (claim that prison officer grabbed inmate's buttocks through his underwear did not state an actionable claim); and Mitchell v. Miller-Roach, 2011 WL 5865232, *4 (N.D. Tex. 2011) (allegations of sexual gestures and staring were insufficient).

The undersigned applied these principles in a similar Eighth Amendment claim by a state prisoner who alleged that an officer came to his cell to take plaintiff for a shower but, after plaintiff was handcuffed behind his back and on his knees, the officer "grabbed my butt and pressed his hard penis in my back" even though Plaintiff told him to stop. The officer then allegedly watched the inmate shower and licked his lips. The court found that the officer was entitled to summary judgment. Smith v. Davis, 2019 WL 1938833 (W.D. La. 2019), recommendation adopted, 2019 WL 1931748 (W.D. La. 2019) (Doughty, J.).

Plaintiff is a pretrial detainee, unlike the convicted prisoners whose Eighth Amendment claims were assessed in the cited cases. But Plaintiff describes only two brief incidents that happened close together. Both Deputy Corley and Plaintiff were apparently fully clothed during the encounters, and Plaintiff did not allege any form of physical injury. After considering the allegations in light of the authorities cited above, the undersigned finds that Plaintiff has not stated a plausible claim for a Fourteenth Amendment due process violation.

Accordingly,

It is recommended that A. Corley's Motion to Dismiss (Doc. 9) be granted and that all of Plaintiff's claims be dismissed with prejudice for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of November, 2024.

Mark L. Hornsby
U.S. Magistrate Judge